ADDENDUM TO CENTURY 21 · REAL ESTATE FRANCHISE AGREEMENT, dated *February 1*, 1996 ("Franchise Agreement"), by and between Century 21 of the Northeast, Inc. ("CENTURY 21") and *Dennehy / Barnes Ventures, Inc.* ("Franchisee"). The parties hereto wish to supplement the Franchise Agreement by adding the following to the Franchise Agreement:

## INITIAL FRANCHISE FEE PROMISSORY NOTE

$*14,000.00*

*Parsippany, NJ*
(City and State)
*January 11, 1996*, 199_

FOR VALUE RECEIVED, the undersigned, jointly and severally, promise to pay to the order of Century 21 of the Northeast, Inc., at One World Trade Center, Suite 8735, New York, New York 10048, the sum of *Fourteen Thousand* and oo/100 Dollars ($*14,000.*) payable in *sixty* (*60*) equal monthly principal and interest (eight percent (8%) per annum) installments as follows: *Two Hundred Eighty Three* and *88*/100 Dollars ($*283.88*) per month for *sixty* (*60*) months. Payment begins on *February 1*, 1996 and said payments are due on the *1st* day of each month thereafter until the amount stipulated herein, plus interest, is paid in full on *January 1*, *2001*. Any payments which are past due shall bear interest at the lower rate of either the highest rate allowed by law or a rate that is five (5) percentage points per annum higher than the "prime rate" then currently established by the largest bank (determined by total bank assets) headquartered in New York State.

If default is made on any payment required under this note, then in that case the entire principal sum and accrued interest shall, at the option of the holder, become immediately due and payable if said default is not cured within ten (10) days after written notice of default. After written notice of default has once been given and cured, the undersigned waives all rights to notice and to cure in the future. Notwithstanding the lack of service of any written notice of default or cure period, the undersigned will be in default hereunder without any ability to cure if any payment is thirty (30) or more days past due. In the event of default, the undersigned shall pay all costs of collection and court costs. If this note is referred to an attorney for collection, the undersigned shall pay the holder's attorneys' fees. Franchisee acknowledges that any default hereunder will constitute grounds for immediate termination of the Franchise Agreement.

The principal amount of this note may be cancelled in whole or in part depending upon Franchisee's actual business production for a prescribed period. More specifically, beginning 90 days after Franchisee's Commencement Date defined in Paragraph 2 of the Franchise Agreement, Franchisee's business production will be measured for a 12-month period ("Measurement Period"). Based on that production and providing Franchisee is then current and has been throughout the Measurement Period in full compliance with all of the terms of each of Franchisee's Franchise Agreements, this note will be modified as follows:

    i.    If during the Measurement Period, Franchisee earns and pays service fees to CENTURY 21 on $400,000 to $749,999 in total Gross Closed Commissions, Franchisee will receive a Production Discount of 50 percent of the initial franchise fee. Cancellation of this note and receipt of such discount is contingent upon Franchisee's execution of a revised note for any initial franchise fee

(6/95)

balance (remaining initial franchise fee less Production Discount) in form acceptable to CENTURY 21. If the Production Discount exceeds the remaining initial franchise fee amount payable to CENTURY 21, this note will be cancelled and Franchisee will receive from CENTURY 21 a credit for the Production Discount excess, which credit will be applied to reduce any other notes owing to CENTURY 21 and/or be applied toward payment of service fees, at CENTURY 21's discretion.

ii. If during the Measurement Period, Franchisee earns and pays service fees to CENTURY 21 on $750,000 or more in total Gross Closed Commissions, Franchisee will receive a Production Discount of 100 percent of the initial franchise fee. This note will be cancelled in its entirety and Franchisee will receive from CENTURY 21 a credit for the Production Discount excess, which credit will be applied to reduce any other notes owing to CENTURY 21 and/or be applied toward payment of service fees, at CENTURY 21's discretion.

Privilege is reserved to prepay this note at any time in whole or in part without penalty.

The entire principal sum and accrued interest shall become due and payable in the event that the franchise which is the subject of this note, or any interest therein, is assigned, transferred, terminated or not renewed; or if a default occurs with respect to any note or franchise agreement with CENTURY 21 to which Franchisee is a party.

This note is to be construed, interpreted and enforced under the laws of the State of New York.

CENTURY 21 *Sentinel*

By: _____

Title: _____

Doc. No. 0895_____

By: _____
Individually and Personally
John S. Dennehy

By: _____
Individually and Personally
Thomas J. Barnes

H-8