Office No._____

## INITIAL FRANCHISE FEE PROMISSORY NOTE

**$8,750**

Parsippany, New Jersey
Dated: **November 19, 1998**

FOR GOOD AND VALUABLE CONSIDERATION, the undersigned **Dennehy, Barnes, Ventures, Inc.** ("Maker") promises to pay to CENTURY 21 REAL ESTATE CORPORATION or its successors and assigns ("Holder"), or order, at 6 Sylvan Way, Parsippany, New Jersey, or at such other place as Holder may from time to time designate, in writing, the principal sum of **Eight Thousand Seven Hundred Fifty and 00/100 Dolars ($8,750)** (the "Principal"), which amount shall, except as set forth below, bear no interest.

The Principal shall be paid in **One (1)** installment(s) of **$8,750**, payable **December 28, 1998**. In the event Maker fails to make any payment when due, including any payment due upon acceleration of this Note, the entire outstanding Principal shall thereafter bear simple interest at a rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law from its due date until paid in full.

Notwithstanding the foregoing installment payments, Maker acknowledges and agrees that Holder, at its sole option and discretion, without notice, may apply to the outstanding due and payable Principal and accrued and unpaid interest amount evidenced by this Note any and all payments due to Maker from Holder under the CENTURY 21 Incentive Bonus set forth in any franchise agreement between Maker and Holder, as each may be amended (the "Franchise Agreements"), if or when any such CENTURY 21 Incentive Bonus becomes due or payable to Maker. If and to the extent necessary, Maker hereby assigns, transfers and conveys to Holder all of Maker's rights, title and interest in and to the CENTURY 21 Incentive Bonus. Amounts of CENTURY 21 Incentive Bonuses applied against the Principal shall correspondingly reduce amounts owed by Maker hereunder.

All payments shall be made in lawful money of the United States of America without set-off, offset, recoupment, deduction or counterclaim of any kind whatsoever. Payments, when made, shall first be applied to accrued and unpaid interest, if any, and then to Principal.

Maker may prepay this Note in whole or in part on any date without premium or penalty. No partial prepayment shall extend or postpone the due date of any subsequent installment payment or change the amount of the installment payment. Prepayments will be applied without notation on this Note.

Holder of this Note may determine that Maker is in default and may accelerate the unpaid Principal and all interest accrued thereon to become immediately due and payable, without presentment for payment or any notice or demand, (A) if Maker, co-maker, endorser, surety or guarantor of this Note (i) suspends business; (ii) becomes insolvent or offers settlement to any creditors; (iii) files a petition in bankruptcy, either voluntary or involuntary; (iv) institutes any proceeding under any bankruptcy or insolvency laws relating to the relief of debtors; (v) makes an assignment for the benefit of creditors; or (vi) makes any false statement or representation orally or in writing, fails to furnish information, or fails to permit inspection of any books or records on demand of Holder, (B) upon default in payment of any Principal payment due hereunder, (C) upon default, in Holder's sole opinion, of any other agreement or note between Maker and Holder or any of Holder's related companies, including, but not limited to, any of the Franchise



representatives, successors and assigns and shall inure to the benefit of Holder and its successors and assigns.  This Note shall not be assignable by Maker without the prior written consent of Holder.

IN WITNESS WHEREOF, the undersigned Maker has executed this Note as of the date first set forth above.

ATTEST:

_____
(Assistant) Secretary

WITNESS:

MAKER: Dennehy, Barnes, Ventures, Inc.

By: _____
Name:  Tom Barnes
Title:     President

CO-MAKER(S):

_____
Tom Barnes, Individually

_____
Jack Dennehy, Individually