

**Real Estate Corporation**
6 Sylvan Way
Parsippany, New Jersey 07054
Business (973) 496-9700
Fax (973) 496-5657

December 21, 2000

**PERSONAL & CONFIDENTIAL**
Mr. John S. Dennehy
Mr. Thomas J. Barnes
CENTURY 21 Sentinel          5989 7919 373
12 Temple Street
Boston, MA  02114

Re:  Notice of Termination of CENTURY 21® Real Estate Franchise Agreement #200888-0001 by and between Century 21 Real Estate Corporation (herein referred to as "Century 21") and Dennehy/Barnes Ventures, Inc. (herein referred to as "You" or "Franchisee"), commencing February 1, 1996 and expiring January 31, 2001.

Dear Mr. Dennehy and Mr. Barnes:

By letter dated November 10, 2000 we advised you that you are in default of the terms of the above-referenced Agreement in that you are delinquent in the payment of fees due Century 21. We specifically noted our right to terminate your Agreement if you failed to cure the default on or before November 28, 2000. I have been advised that you are still in default under your Agreement as you have not remedied the violations referenced in said letter and, as a result thereof, your Agreement is hereby terminated effective December 22, 2000.

As of the date of this letter, your account balances are as follows:

| | |
|---|---|
| Unbilled Closed/Unpaid Transactions: | $   957.00 |
| Audit Findings Billed to Date: | $39,189.79 |
| National Advertising Fund Contributions Billed to Date: | $ 6,625.29 |
| Minimum Royalty Fees Billed to Date: | $ 4,200.00 |
| Initial Franchise Fee: | $ 4,258.20 |
| Finance Charge: | $    136.18 |
| TOTAL: | $55,366.46 |

In addition to these amounts, we have reason to believe that you have not consistently reported and paid on closed transactions. We therefore reserve our right under the Agreement to conduct a post termination audit of your records. Century 21 or its representatives will be contacting you shortly in order to schedule an audit and to arrange for your payment of all sums due and

owing. Please be advised that Century 21 will aggressively seek all means available under the Agreement and under the law to recover this revenue.

Upon a final review (post termination audit), additional amounts may be due for National Advertising Fund (NAF) contributions and service fees, and in that event, an additional invoice will be forwarded. For your ready reference, I have attached a copy of the procedures set forth in your Franchise Agreement which you are required to follow after termination of the Franchise.

Your full compliance with the Franchise Agreement in respect to this termination is hereby demanded, and will be appreciated.

Very truly yours,
Century 21 Real Estate Corporation

John Kornfeind
Senior Vice President
Franchise Sales and Administration

cc.   Elizabeth Danielson
      Jonnalyn Lombardi
      Jean Wenz
      Charlene Abbood
      Rachel Gelok
      Kimberly Dobbs

## PROCEDURES AFTER TERMINATION

"18. Upon the termination of this Agreement for any reason, Franchisee shall cease to be an authorized CENTURY 21 Franchisee and shall:

"A. Promptly pay CENTURY 21 Regional all sums then owing from Franchisee to CENTURY 21 Regional, the NAF and to Franchisee's Brokers' Council, if any. Promptly pay CENTURY 21 International all sums then owing from Franchisee to CENTURY 21 International, if any.

"B. Pay to CENTURY 21® Regional the six percent (6%) service fee, plus the two percent (2%) NAF contribution, based upon the gross revenues ultimately received from any transaction in process as of the date of termination and the six percent (6%) service fee, plus the two percent (2%) NAF contribution based upon the gross revenue ultimately received from any referral sent to or received from any other CENTURY 21 office prior to the date of termination, said sum to be paid promptly upon receipt of such revenue by Franchisee. Additionally, Franchisee shall pay CENTURY 21 Regional the six percent (6%) service fee, plus the two percent (2%) NAF contribution, based upon the gross revenue ultimately received from the closing of any transaction occurring after termination hereof, but the listing for which was initially procured by Franchisee during the time Franchisee was operating the Franchise under this Agreement.

"In the event that CENTURY 21 International shall exercise its right under Subparagraph 9D of this Agreement to require a fixed monthly NAF contribution payment, Franchisee shall pay to CENTURY 21 Regional a pro-rata portion of its NAF contribution obligation for the month in which Franchisee is terminated in addition to any service fees to be paid pursuant to this Paragraph 18.

"C. Immediately and permanently discontinue the use of all CENTURY 21 Marks, including, but not limited to, proprietary mark "CENTURY 21", or any other designation or mark, indicating or tending to indicate that Franchisee is or ever was an authorized CENTURY 21 franchisee. If Franchisee is a corporation or partnership and "CENTURY 21" is a part of Franchisee's corporate or partnership name, Franchisee agrees to cause immediately its governing documents to be amended to delete both the word "CENTURY" and the numerals "21" and to provide CENTURY 21 Regional with documentation that such changes have been made. Furthermore, Franchisee shall not promote or advertise the fact that the firm was formerly a franchisee or affiliate of the CENTURY 21 organization.

"D. Promptly destroy or surrender to CENTURY 21 Regional, all stationery, letterheads, forms, manuals, printed matter and advertising containing CENTURY 21 Marks, including, but not limited to, the proprietary mark "CENTURY 21", or any similar names or marks or designation or mark indicating or tending to indicate that Franchisee is or was an authorized CENTURY 21 franchisee.

"E. Immediately and permanently discontinue all advertising as a CENTURY 21 franchisee, including, but not limited to, the immediate removal of all signs from

franchisee's office which contain the CENTURY 21 Marks or other identifying marks, and the immediate removal from any property then listed for sale or lease of all signs or sign posts using CENTURY 21 Marks or other identifying marks or colors, including, but not limited to, the yard sign post and cross arm which Franchisee acknowledges constitute proprietary trade dress items of CENTURY 21 International and which Franchisee has not used at any time in the past in business prior to Franchisee's affiliation with the CENTURY 21 organization. If Franchisee fails to remove the office signs within ten (10) days after the effective date of the termination of this Agreement, Franchisee hereby grants CENTURY 21 Regional the right to enter upon Franchisee's premises and remove all "CENTURY 21®" signs and all other indicia of any affiliation by Franchisee with the CENTURY 21 organization. Franchisee shall be obliged to reimburse CENTURY 21 Regional for the cost of the removal, storage and disposition of said signs and other materials. If Franchisee fails to claim said signs and related materials removed by CENTURY 21 Regional within five (5) days after their removal, CENTURY 21 Regional shall have the right to sell or otherwise dispose of said signs and related materials, in its sole discretion, and CENTURY 21 Regional may retain the proceeds, if any, from any sale or other disposal, to the extent necessary to offset the costs of removal, storage and disposition of said signs and related materials and to offset any other amount or obligations that Franchisee may then owe CENTURY 21 International or any of their subsidiaries or affiliates.

"F.     Immediately and forever cease and desist from using the CENTURY 21 System, including, but not limited to, operating manuals, training manuals, sales manuals and aids, listing films and books, advertising and promotional materials, and all trade secret and confidential material delivered to Franchisee pursuant to this Agreement.

"G.     At the option of CENTURY 21 Regional, return the P & P Manual and operating manuals and sell all or part of the training manuals, listing books, listing films, sales training cassettes, forms or brochures on hand which contain CENTURY 21 Marks or which are part of the CENTURY 21 System to CENTURY 21 Regional at cost.

"H.     Refrain from doing anything which would indicate the Franchisee is or ever was an authorized CENTURY 21 franchisee.

"I.     Maintain all books, records, and reports required by CENTURY 21 Regional pursuant to paragraph 11 hereof for a period of not less than one (1) year after the termination of this agreement and allow CENTURY 21 Regional to make final inspection and audit of Franchisee's books and records during normal business hours within said one (1) year period for the purpose of verifying that all service fees, NAF contributions and other appropriate amounts have been paid as required herein.

"J.     Immediately and permanently cause all officers, employees, and other Affiliates (as defined in Subparagraph (8) (A) (iii) to discontinue the wearing of career apparel in the distinctive CENTURY 21 gold color or any apparel indicating or tending to indicate that the Franchisee is or was an authorized CENTURY 21 franchisee and promptly to destroy or surrender to CENTURY 21 Regional all such career apparel."