UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNEHY, BARNES, VENTURES, INC.,<br>JOHN S. DENNEHY AND THOMAS BARNES,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)    C.A. 04-10785 DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### THOMAS BARNES' ANSWER TO VERIFIED COMPLAINT

Defendant Thomas Barnes ("Barnes") responds to the allegations contained in Plaintiff's Verified Complaint paragraph by paragraph as follows:

### NATURE OF THE ACTION

1.　This paragraph is an introduction to which no answer is required.  To the extent that this paragraph could be construed to contain allegations of fact, they are denied.

### PARTIES

2.　Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 2.

3.　Barnes admits that Dennehy/Barnes Ventures, Inc. is a corporation organized under the laws of Massachusetts.  Except as expressly provided herein, Barnes denies the allegations set forth in Paragraph No. 3.

4.　Barnes admits the allegations set forth in Paragraph No. 4 except that Thomas Barnes resides at 101 Cushing Avenue, Dorchester, Massachusetts.

5.　Barnes admits the allegations set forth in Paragraph 5.

## JURISDICTION AND VENUE

6. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

7. The allegations set forth in the first sentence of this paragraph assert a legal conclusion to which no answer is required. Barnes denies the remaining allegations set forth in Paragraph No. 7.

## FACTS

8. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 8.

9. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 9.

10. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 10.

11. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 11.

12. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 12.

13. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 13.

14. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 14.

15. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 15.

16. Barnes is without sufficient information to form a belief as to the allegations set forth in Paragraph No. 16.

17. Barnes denies the allegations set forth in Paragraph No. 17. Further answering, Barnes states that on or about December 18, 1995 Dennehy/Feldscher Ventures, Inc. and Century 21 Northeast, Inc. entered into a Franchise Agreement for the operation of a Century 21 office at 121 Mount Vernon Street, Boston, Massachusetts 02108. The Commencement date of the Franchise was February 1, 1996. Barnes further states that by addenda dated May 24, 1997, the franchisee's new corporate name became Dennehy/Barnes Ventures, Inc. and the office was relocated to 12 Temple Street, Boston, Massachusetts. Further answering, Barnes states that the Boston Franchise Agreement speaks for itself.

18. Assuming that Paragraph 18 refers to the Boston Franchise Agreement, as defined in ¶17, and not the Brookline Franchise Agreement, Barnes denies the allegations set forth in Paragraph 18 as characterizations of a written document that speaks for itself.

19. Barnes denies the allegations set forth in Paragraph 19 as characterizations of a written document that speaks for itself.

20. Barnes denies the allegations set forth in Paragraph 20. Further answering, Barnes admits that, on or about January 11, 1996, as an addendum to the Boston Franchise Agreement, Dennehy/Barnes, Ventures executed an Initial Franchise Fee Promissory Note (the "Boston Note"). The Boston Note speaks for itself.

21. Barnes denies the allegations set forth in Paragraph 21 as characterizations of a written document that speaks for itself.

22. Barnes denies the allegations set forth in Paragraph 22 as characterizations of a written document that speaks for itself.

23. Barnes denies the allegations set forth in Paragraph 23 as characterizations of a written document that speaks for itself.

24. Barnes denies the allegations set forth in Paragraph 24 as characterizations of a written document that speaks for itself.

25. Barnes denies the allegations set forth in Paragraph 25 as characterizations of a written document that speaks for itself.

26. Barnes denies that pursuant to the Boston Franchise Agreement, Century 21 could terminate the Boston Franchise Agreement for "failure pay money due under the Brookline Franchise Agreement" and "failure to remedy any breach of its obligations or warranties under the Brookline Franchise Agreement within ten days after receipt of written notice from Century 21 specifying one or more breaches of the Brookline Agreement." Further answering, Barnes denies the allegations set forth in Paragraph 26 as characterizations of a written document that speaks for itself.

27. Barnes denies the allegations set forth in Paragraph 27 as characterizations of a written document that speaks for itself.

28. Barnes denies the allegations set forth in Paragraph 28 as characterizations of a written document that speaks for itself.

29. Barnes denies the allegations set forth in Paragraph 29 as characterizations of a written document that speaks for itself.

30. Barnes admits that on or about November 19, 1998, Century 21 entered into a Franchise Agreement with Dennehy/Barnes. Further answering, Barnes denies the remainder of the allegations set forth in Paragraph 30 as characterizations of a written document that speaks for itself.

31. Barnes denies the allegations set forth in Paragraph 31 as characterizations of a written document that speaks for itself.

32. Barnes denies the allegations set forth in Paragraph 32 as characterizations of a written document that speaks for itself.

33. Barnes admits that on or about November 19, 1998, Dennehy/Barnes, Ventures executed an Initial Franchise Fee Promissory Note (the "Brookline Note"). Barnes denies the remainder of the allegations set forth in Paragraph 33 as characterizations of a written document that speaks for itself.

34. Barnes denies the allegations set forth in Paragraph 34 as characterizations of a written document that speaks for itself.

35. Barnes denies the allegations set forth in Paragraph 35 as characterizations of a written document that speaks for itself.

36. Barnes denies the allegations set forth in Paragraph 36 as characterizations of a written document that speaks for itself.

37. Barnes denies the allegations set forth in Paragraph 37 as characterizations of a written document that speaks for itself.

38. Barnes denies the allegations set forth in Paragraph 38 as characterizations of a written document that speaks for itself.

39. Barnes denies the allegations set forth in Paragraph 39 as characterizations of a written document that speaks for itself.

40. Barnes denies the allegations set forth in Paragraph 40 as characterizations of a written document that speaks for itself.

41. Barnes denies the allegations set forth in Paragraph 41 as characterizations of a written document that speaks for itself.

42. Barnes denies the allegations set forth in Paragraph 42 as characterizations of a written document that speaks for itself.

43. Barnes admits that Century 21 sent Century 21 Fidelity the letter dated November 10, 2000 attached as Exhibit E to the Verified Complaint. Except as expressly set forth herein, Barnes denies the allegations set forth in Paragraph 43 as characterizations of a written document that speaks for itself.

44. Barnes denies the allegations set forth in Paragraph 44.

45. Barnes admits that Century 21 sent Century 21 Fidelity a letter dated December 21, 2000 attached as Exhibit F to the Verified Complaint. Barnes further admits that Century 21 ultimately terminated the Brookline Franchise Agreement. Except as expressly set forth herein, Barnes denies the allegations set forth in Paragraph 45 as characterizations of a written document that speaks for itself.

46. Barnes admits that Century 21 sent Century 21 Sentinel a letter dated November 10, 2000 attached as Exhibit G to the Verified Complaint. Except as expressly set forth herein, Barnes denies the allegations set forth in Paragraph 46 as characterizations of a written document that speaks for itself.

47. Barnes denies the allegations set forth in Paragraph 47.

48. Barnes admits that Century 21 sent Century 21 Sentinel a letter dated December 21, 2000 attached as Exhibit H to the Verified Complaint. Barnes further admits that Century 21 ultimately terminated the Boston Franchise Agreement. Except as expressly set forth herein,

Barnes denies the allegations set forth in Paragraph 48 as characterizations of a written document that speaks for itself.

49. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

50. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

51. Barnes denies the allegations set forth in Paragraph 51.

52. Barnes denies the allegations set forth in Paragraph 52.

## COUNT I
## (VIOLATION OF THE LANHAM ACT)

53. Barnes repeats his responses to the allegations set forth in Paragraphs 1 through 52 and incorporates them by reference herein.

54. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

55. Barnes denies the allegations set forth in Paragraph 55.

56. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

57. Barnes denies the allegations set forth in Paragraph 57.

58. The allegations set forth in this paragraph assert a legal conclusion to which no answer is required.

59. Barnes denies the allegations set forth in Paragraph 59.

60. Barnes denies the allegations set forth in Paragraph 60.

61. Barnes denies the allegations set forth in Paragraph 61.

62. Barnes denies the allegations set forth in Paragraph 62.

63. Barnes admits the allegations set forth in Paragraph 63. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

## COUNT II
## (BREACH OF CONTRACT – SERVICE FEES AND ADVERTISING)

64. Barnes repeats his responses to the allegations set forth in Paragraphs 1 through 63 and incorporates them by reference herein.

65. Barnes denies the allegations set forth in Paragraph 65 as characterizations of a document that speaks for itself.

66. Barnes denies the allegations set forth in Paragraph 66. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

67. Barnes denies the allegations set forth in Paragraph 67. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

68.     Barnes denies the allegations set forth in Paragraph 68. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

69.     Barnes denies the allegations set forth in Paragraph 69. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

## COUNT III
## (BREACH OF PROMISSORY NOTES)

70.     Barnes repeats its responses to the allegations set forth in Paragraphs 1 through 69 and incorporates them by reference herein.

71.     Barnes denies the allegations set forth in Paragraph 71 as characterizations of a document that speaks for itself.

72.     Barnes denies the allegations set forth in Paragraph 72 as characterizations of a document that speaks for itself.

73.     Barnes denies the allegations set forth in Paragraph 73. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes,

Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

74. Barnes denies the allegations set forth in Paragraph 74. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

75. Barnes denies the allegations set forth in Paragraph 75. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

76. Barnes denies the allegations set forth in Paragraph 76 as characterizations of a document that speaks for itself.

77. Barnes denies the allegations set forth in Paragraph 77 as characterizations of a document that speaks for itself.

78. Barnes denies the allegations set forth in Paragraph 78. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes,

Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

79.     Barnes denies the allegations set forth in Paragraph 79. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

80.     Barnes denies the allegations set forth in Paragraph 80. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

81.     Barnes denies the allegations set forth in Paragraph 81. Further answering, Barnes states that Century 21 filed a prior action in Boston Municipal Court relating to amounts due under the Boston and Brookline Franchise Agreements. This matter was settled and in connection with such settlement, Century 21 agreed to release, among others, Dennehy/Barnes, Ventures, Fidelity Group, Inc., Thomas Barnes, and John Dennehy from any claims related to the balance due under the Franchise Agreements.

## COUNT IV
## (BREACH OF CONTRACT-AUDIT)

82. Barnes repeats his responses to the allegations set forth in Paragraphs 1 through 81 and incorporates them by reference herein.

83. Barnes denies the allegations set forth in Paragraph 83.

84. Barnes denies that, under these circumstances, an audit is required by the Boston and Brookline Franchise Agreements.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries or damages as alleged, such injuries or damages were not caused by the defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hand.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the release signed by plaintiff in connection with an action brought by plaintiff in the Boston Municipal Court.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed pursuant to Mass.R.Civ.P. 12(b)(8) for misnomer of a party.

## EIGHTH AFFIRMATIVE DEFENSE

Barnes reserves the right to add such other and further defenses as become apparent during the course of discovery.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

**WHEREFORE**, Defendant Thomas Barnes prays that the Court:

1. Enter judgment dismissing Plaintiff's claims;
2. Award Defendant his reasonable attorneys' fees;
3. Award Defendant's costs and expenses incurred in defending Plaintiff's claims, plus interest; and
4. Award Defendant such other and further relief as the Court may deem just and proper.

## Jury Trial Demand

Defendant demands a trial by jury on all issues so triable.

THOMAS BARNES,
By his attorneys,

/s/ Kenneth D. Small
Kenneth D. Small, BBO# 567868
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110
(617) 646-2000

Dated: June 9, 2004

{00004784.DOC / 3}