UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNEHY, BARNES, VENTURES, INC., )<br>JOHN S. DENNEHY and THOMAS BARNES, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10785DPW |

**CENTURY 21 REAL ESTATE CORPORATION'S MOTION TO COMPEL
DISCOVERY RESPONSES AND FOR EXTENSION OF THE DISCOVERY PERIOD**

Plaintiff Century 21 Real Estate Corporation ("Century 21") moves to compel defendants Dennehy, Barnes, Ventures, Inc. ("DBV") and Thomas Barnes (together, "Defendants") to respond to multiple sets of overdue interrogatories and document requests. Century 21 also moves to extend the discovery period to allow it to conduct depositions with documents responsive to its document requests and asks that Defendants be ordered to pay the costs and attorneys' fees incurred by Century 21 in connection with this motion. In support of this motion, Century 21 states as follows:

1. On December 7, 2004, Century 21 served by hand Document Requests and Interrogatories on DBV and Thomas Barnes (together, "Discovery Requests"). True and accurate copies of the Discovery Requests are attached as Exhibit A.

2. Pursuant to Fed. R. Civ. P. 33(b)(3) and 34(b), Defendants' answers and responses to the Discovery Requests were required no later than January 6, 2005.

BOS1460101.1

3. Defendants have failed to respond in any manner whatsoever to the Discovery Requests.

4. Despite their obligation to do so, Defendants have failed to serve upon Century 21 their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

5. Century 21 has been prejudiced by Defendants' failure to respond to the Discovery Requests.

6. Defendants' failure to timely respond to the Discovery Requests should prevent them from now raising any objections to the Discovery Requests.  See Tropix, Inc. v. Lyon & Lyon, 169 F.R.D. 3, 5 (D. Mass. 1996) (holding that party's failure to timely respond to discovery requests constitutes waiver of any objections to those requests).

7. Although counsel for the parties have spoken on multiple occasions about possible settlement of the case and the outstanding Discovery Requests, Defendants' counsel has never stated that Defendants intend to comply with their discovery obligations.

WHEREFORE, Century 21 respectfully requests that Defendants be ordered to promptly serve responsive interrogatory answers and produce documents responsive to each request identified in Exhibit A, be ordered to pay the costs and attorneys' fees incurred by Century 21 in connection with this motion and for extension of the discovery period for a sufficient time so as to allow Century 21 to take Defendants' depositions following their responses to the Discovery Requests.

BOS1460101.1

## LOCAL RULE 7.1(A) CERTIFICATION

By signing below, the undersigned certifies that he conferred with counsel for defendants on February 4, 2005 in a good faith effort to resolve or narrow the issue presented by this motion and that counsel were unable to do so.

/s/ G. Rubenstein<br>
Gregg A. Rubenstein

## LOCAL RULE 37.1 CERTIFICATION

By signing below, the undersigned certifies that he conferred with counsel for defendants on February 4, 2005 by telephone in a good faith effort to resolve or narrow the issue presented by this motion and that counsel were unable to do so.

/s/ G. Rubenstein<br>
Gregg A. Rubenstein

CENTURY 21 REAL ESTATE CORPORATION

By its attorneys,

/s/ G. Rubenstein
Gregg A. Rubenstein (BBO #639680)
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: February 7, 2005