UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>DENNEHY, BARNES, VENTURES, INC.,<br>JOHN S. DENNEHY and THOMAS BARNES,<br><br>Defendants. | CIVIL ACTION NO. 04-10785DPW |

### CENTURY 21 REAL ESTATE CORPORATION'S FIRST SET OF INTERROGATORIES TO DENNEHY, BARNES VENTURES, INC.

Plaintiff Century 21 Real Estate Corporation ("Century 21") hereby requests, pursuant to Fed. R. Civ. P. 33, that defendant, Dennehy, Barnes, Ventures, Inc. ("DBV"), answer the following interrogatories fully, under oath, and in accordance with the following definitions and instructions, within thirty (30) days of service hereof, by serving your original answers on Gregg A. Rubenstein, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

### DEFINITIONS AND INSTRUCTIONS

1.  All interrogatories in this First Set of Interrogatories ("First Set of Interrogatories") incorporate by reference the definitions of various terms set forth in Local Rule 26.5(c) of the United States District Court for the District of Massachusetts. Whenever a defined term is used in these requests, it is typed in bold so that counsel may consult the definition and LR 26.5(c). Since LR 26.5(c)(5) defines the meaning of "a party's full or abbreviated name or a pronoun referring to a party" such references are among the bolded terms.

2.  The term "Century 21" refers to Century 21 Real Estate Corporation and its respective predecessor and successor entities, and their respective parent, sibling or otherwise

BOS1408213.1

related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

3. The term "DBV" refers to Dennehy, Barnes, Ventures, Inc. and its respective predecessor and successor entities, and their respective parent, sibling or otherwise related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

4. The term "immediate family member" means your spouse, parents, step-parents, parents-in law, children, step children, grandchildren, step-grandchildren, siblings, step-siblings and siblings-in law.

5. If a claim of privilege is asserted in objection to any interrogatory or any sub-part thereof, please identify in the objection the nature of the privilege that is being claimed and **state the basis** (as defined in LR 26.5(C)(8)) for the objection.

6. If any of these interrogatories cannot be answered in full, then they should be answered to the extent possible, specifying each reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. In answering the interrogatories, furnish such information as is available to **you**, regardless of whether or not it is based on personal knowledge or records of **your** agents or representatives, or from others or others' records, regardless of source.

7. These interrogatories are continuing. In the event that **DBV** become aware, after answering these interrogatories, of any information which will augment or modify **its** initial answers, supplemental answers shall immediately be furnished to **plaintiff's** attorneys, as required by Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. **Identify** all **persons**, whom **you** know or believe witnessed or participated in any aspect of the occurrence(s) giving rise to **Century 21's** claims, or whom **you** know or believe to have information relevant to **Century 21's** claims or **your** defenses, including, without limitation:

   (a) all persons responsible for the maintenance of signage at the 477 Harvard Street location since December 17, 2002;

   (b) all persons responsible for listing real estate on behalf of **DBV** with the MLS service since December 17, 2002; and

   (c) all officers and directors of **DBV** since December 17, 2002.

2. As to each **person identified** in response to Interrogatory 1, provide a statement of the subject **concerning** which that **person** has knowledge or may have knowledge and **state the basis** for that **person's** knowledge.

3. With respect to each **person identified** in Interrogatory No. 1, describe all **communications** between that **person and you** or any other **person concerning** the knowledge described in Interrogatory 2, including, but not limited to, **documents.**

4. **Identify** all **DBV** stockholders and/or DBV equity owners since 2001.

5. Identify all employees or independent contractors of **DBV** or any other entity owned in whole or part by **Thomas Barnes** or his immediate family members involved in the sale of real estate since December 17, 2002.

6. **Identify** all real estate bought or sold since December 17, 2002 in which **DBV** or any other entity owned in whole or part by **Thomas Barnes** or his immediate family members played a role in its purchase and/or sale, including date of transaction, type of transaction sale price and commission or other revenue derived from the purchase and/or sale.

BOS1408213.1

7. **Identify** all current assets and obligations of **DBV**.

8. **Identify** each expert witness **you** intend to call at any hearing in this matter, and for each expert identified, set forth:

    (a) the expert's professional qualifications;

    (b) the subject matter on which the expert is expected to testify;

    (c) the substance of the facts and opinions to which each said expert is expected to testify; and

    (d) a summary of the grounds for each said expert's opinion(s).

9. If **you** contend that any of the requests set forth in the First Request for Production of Documents to the Complainant ("First Request for Documents"), which has been served contemporaneously with this First Set of Interrogatories, calls for production of **documents** which **you** assert are protected from discovery by the attorney-client privilege, by the work-product doctrine, or by any other claim of privilege, please **identify** each **document** which **you** contend is so protected by stating the type of **document** (<u>e.g.</u>, handwritten notes, letter, etc.), set forth the privilege **you** are asserting for each **document**, its author, its date, its general subject matter and **state the basis** for the objection.

10. If a **document** responsive to any of the requests set forth in the First Request for Documents was at one time in **your** custody, possession or control, but is not available to be produced in response to that request, please **identify** each such **document** and state the reason for its unavailability and its last known location.

CENTURY 21 REAL ESTATE
CORPORATION

By its attorneys,

/s/ Gregg A. Rubenstein
Gregg A. Rubenstein (BBO #639680)
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 12/7/04
/s/ Gregg A. Rubenstein

Dated: December 7, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNEHY, BARNES, VENTURES, INC., )<br>JOHN S. DENNEHY and THOMAS BARNES, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10785DPW |

**CENTURY 21 REAL ESTATE CORPORATION'S FIRST DOCUMENT
REQUESTS TO DENNEHY, BARNES VENTURES, INC.**

Plaintiff Century 21 Real Estate Corporation ("Century 21") hereby requests, pursuant to Fed. R. Civ. P. 34, that defendant Dennehy, Barnes, Ventures, Inc. ("DBV"), within thirty (30) days of service hereof, produce the documents described below in accordance with the following definitions and instructions.

**DEFINITIONS AND INSTRUCTIONS**

1. All document requests in this First Request for Production of Documents ("First Request for Documents") incorporate by reference the definitions of various terms set forth in Local Rule 26.5(c) of the United States District Court for the District of Massachusetts (copy enclosed). Whenever a defined term is used in these requests, it is typed in bold so that counsel may consult the definition and LR 26.5(c). Since LR 26.5(c)(5) defines the meaning of "a party's full or abbreviated name or a pronoun referring to a party" such references are among the bolded terms.

2. The term "Century 21" refers to Century 21 Real Estate Corporation and its respective predecessor and successor entities, and their respective parent, sibling or otherwise

BOS1409031.1

related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

3. The term "**DBV**" refers to Dennehy, Barnes, Ventures, Inc. and its respective predecessor and successor entities, and their respective parent, sibling or otherwise related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

4. The term "immediate family member" means your spouse, parents, step-parents, parents-in law, children, step children, grandchildren, step-grandchildren, siblings, step-siblings and siblings-in law.

5. All documents as to which **DBV** claims privilege or statutory authority as a ground for non-production shall be identified as follows: (a) date, (b) title, (c) type of document (e.g., memorandum, report, chart, etc.), (d) subject matter (without revealing the information as to which privilege or statutory authority is claimed), and (e) factual and legal basis for claim privileges or specific statutory authority which provides the claimed ground for non production.

6. These requests seek all documents within **DBV's** possession, custody or control. If documents are not in **DBV's** possession but are available to it (e.g., records maintained by defendants' attorneys, other agents or former employers/contractors/ end clients), **DBV** is required to obtain such documents for production.

7. If a document responsive to any of the requests set forth in the First Request for Documents was at one time in **your** custody, possession or control, but is not available to be produced in response to that request, please **identify** each such document and state the reason for its unavailability and its last known location.

8.  If **you** maintain that any responsive **document** has been destroyed, **identify** the document and state the date of destruction, the reasons, and by whom the document was destroyed.

9.  All responses should be served upon Gregg A. Rubenstein, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

## DOCUMENT REQUESTS

1.  All **documents identified** in **DBV's** responses to the Century 21's First Set of Interrogatories to **DBV**, which was served contemporaneously with the First Request for Documents.

2.  All financial **documents** and records from 2001 through present, including, but not limited to, annual reports, cash flow statements, balance sheets, accounts receivable reports and accounts payable reports.

3.  All tax returns, including schedules, filed or prepared on behalf of **DBV** for 2001, 2002 and 2003, including, but not limited to, Schedule K-1s issued to **DBV's** owners.

4.  All **documents** and **communications concerning** tax returns, including schedules, filed or prepared on behalf of **DBV** for 2001, 2002 and 2003.

5.  All corporate records created since 2001, including but not limited to, filings made with the Secretary of the Commonwealth, corporate resolutions and board of directors minutes.

6.  All **documents** and **communications concerning** corporate records created since 2001, including but not limited to, filings made with the Secretary of the Commonwealth, corporate resolutions and board of directors minutes.

7.  All **documents** and **communications concerning** the purchase, sale or rental of real estate in which **DBV** was involved.

8. All **documents** and **communications concerning** the placement of advertising or listings in the MLS system from December 17, 2002 through present, including but not limited to, the listings.

9. All **documents concerning** the sale or transfer of **DBV** assets since 2001.

10. The lease, including any and all amendments thereto, for 477 Harvard Street Brookline, MA.

11. All **documents** and **communications concerning** the lease for 477 Harvard Street Brookline, MA.

12. All **documents concerning** assets owned in whole or in part by **DBV** since 2001.

13. All **documents concerning** current debts and obligations owed by **DBV**.

CENTURY 21 REAL ESTATE
CORPORATION

By its attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12/7/04.

_____
Gregg A. Rubenstein (BBO #639680)
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: December 7, 2004

BOS1409031.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNEHY, BARNES, VENTURES, INC., )<br>JOHN S. DENNEHY and THOMAS BARNES, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10785DPW |

**CENTURY 21 REAL ESTATE CORPORATION'S FIRST SET OF
INTERROGATORIES TO THOMAS BARNES**

Plaintiff Century 21 Real Estate Corporation ("Century 21") hereby requests, pursuant to Fed. R. Civ. P. 33, that defendant, Dennehy, Barnes, Ventures, Inc. ("DBV"), answer the following interrogatories fully, under oath, and in accordance with the following definitions and instructions, within thirty (30) days of service hereof, by serving your original answers on Gregg A. Rubenstein, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

**DEFINITIONS AND INSTRUCTIONS**

1. All interrogatories in this First Set of Interrogatories ("First Set of Interrogatories") incorporate by reference the definitions of various terms set forth in Local Rule 26.5(c) of the United States District Court for the District of Massachusetts. Whenever a defined term is used in these requests, it is typed in bold so that counsel may consult the definition and LR 26.5(c). Since LR 26.5(c)(5) defines the meaning of "a party's full or abbreviated name or a pronoun referring to a party" such references are among the bolded terms.

2. The term "Century 21" refers to Century 21 Real Estate Corporation and its respective predecessor and successor entities, and their respective parent, sibling or otherwise

BOS1408958.1

related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

3. The term "DBV" refers to Dennehy, Barnes, Ventures, Inc. and its respective predecessor and successor entities, and their respective parent, sibling or otherwise related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

4. The term "immediate family member" means your spouse, parents, step-parents, parents-in law, children, step-children, children-in law, grandchildren, step-grandchildren, siblings, step-siblings and siblings-in law.

5. If a claim of privilege is asserted in objection to any interrogatory or any sub-part thereof, please identify in the objection the nature of the privilege that is being claimed and **state the basis** (as defined in LR 26.5(C)(8)) for the objection.

6. If any of these interrogatories cannot be answered in full, then they should be answered to the extent possible, specifying each reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. In answering the interrogatories, furnish such information as is available to **you**, regardless of whether or not it is based on personal knowledge or records of **your** agents or representatives, or from others or others' records, regardless of source.

7. These interrogatories are continuing. In the event that **DBV** become aware, after answering these interrogatories, of any information which will augment or modify **its** initial answers, supplemental answers shall immediately be furnished to **plaintiff's** attorneys, as required by Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1. **Identify** all **persons** whom **you** know or believe witnessed or participated in any aspect of the occurrence(s) giving rise to **Century 21's** claims, or whom **you** know or believe to have information relevant to **Century 21's** claims or **your** defenses.

2. As to each **person identified** in response to Interrogatory 1, provide a statement of the subject **concerning** which that **person** has knowledge or may have knowledge and **state the basis** for that **person's** knowledge.

3. With respect to each **person identified** in Interrogatory No. 1, describe all **communications** between that **person and you** or any other **person concerning** the knowledge described in Interrogatory 2, including, but not limited to, **documents.**

4. **Identify** all non-public entities, regardless of corporate form, in which **you** or any member of your immediate family has or had an ownership or other equity interest in since 1999.

5. **Identify** all **person, persons**, entity or entities who have been engaged in the purchase, sale or rental of real estate at 477 Harvard Street Brookline, MA since 1999.

6. **Identify** all bank accounts you or any business in which **you** or any member of your immediate family has or had an ownership or other equity interest in since 1999 has maintained since 1999.

7. **Identify** each expert witness **you** intend to call at any hearing in this matter, and for each expert identified, set forth:

   (a) the expert's professional qualifications;

   (b) the subject matter on which the expert is expected to testify;

   (c) the substance of the facts and opinions to which each said expert is expected to testify; and

   (d) a summary of the grounds for each said expert's opinion(s).

.

8.  If **you** contend that any of the requests set forth in the First Request for Production of Documents to the Complainant ("First Request for Documents"), which has been served contemporaneously with this First Set of Interrogatories, calls for production of **documents** which **you** assert are protected from discovery by the attorney-client privilege, by the work-product doctrine, or by any other claim of privilege, please **identify** each **document** which **you** contend is so protected by stating the type of **document** (e.g., handwritten notes, letter, etc.), set forth the privilege **you** are asserting for each **document**, its author, its date, its general subject matter and **state the basis** for the objection.

9.  If a **document** responsive to any of the requests set forth in the First Request for Documents was at one time in **your** custody, possession or control, but is not available to be produced in response to that request, please **identify** each such **document** and state the reason for its unavailability and its last known location.

CENTURY 21 REAL ESTATE CORPORATION

By its attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - hand on 12/7/04

Gregg A. Rubenstein (BBO #639680)
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: December 7, 2004

BOS1408958.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENTURY 21 REAL ESTATE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENNEHY, BARNES, VENTURES, INC., )<br>JOHN S. DENNEHY and THOMAS BARNES, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10785DPW |

**CENTURY 21 REAL ESTATE CORPORATION'S FIRST
DOCUMENT REQUESTS TO THOMAS BARNES**

Plaintiff Century 21 Real Estate Corporation ("Century 21") hereby requests, pursuant to Fed. R. Civ. P. 34, that defendant Thomas Barnes, within thirty (30) days of service hereof, produce the documents described below in accordance with the following definitions and instructions.

**DEFINITIONS AND INSTRUCTIONS**

1. All document requests in this First Request for Production of Documents ("First Request for Documents") incorporate by reference the definitions of various terms set forth in Local Rule 26.5(c) of the United States District Court for the District of Massachusetts (copy enclosed). Whenever a defined term is used in these requests, it is typed in bold so that counsel may consult the definition and LR 26.5(c). Since LR 26.5(c)(5) defines the meaning of "a party's full or abbreviated name or a pronoun referring to a party" such references are among the bolded terms.

2. The term "Century 21" refers to Century 21 Real Estate Corporation and its respective predecessor and successor entities, and their respective parent, sibling or otherwise

BOS1409098.1

related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

3.  The term "DBV" refers to Dennehy, Barnes, Ventures, Inc. and its respective predecessor and successor entities, and their respective parent, sibling or otherwise related corporate entities and includes, without implication of limitation, any of their agents, servants, attorneys or employees.

4.  The term "immediate family member" means your spouse, parents, step-parents, parents-in law, children, step children, grandchildren, step-grandchildren, siblings, step-siblings and siblings-in law.

5.  All documents as to which **Mr. Barnes** claims privilege or statutory authority as a ground for non-production shall be identified as follows: (a) date, (b) title, (c) type of document (e.g., memorandum, report, chart, etc.), (d) subject matter (without revealing the information as to which privilege or statutory authority is claimed), and (e) factual and legal basis for claim privileges or specific statutory authority which provides the claimed ground for non production.

6.  These requests seek all documents within **Mr. Barnes'** possession, custody or control. If documents are not in **Mr. Barnes'** possession but are available to him (e.g., records maintained by defendants' attorneys, other agents or former employers/contractors/ end clients), **Mr. Barnes** is required to obtain such documents for production.

7.  If a document responsive to any of the requests set forth in the First Request for Documents was at one time in **your** custody, possession or control, but is not available to be produced in response to that request, please **identify** each such document and state the reason for its unavailability and its last known location.

8.  If **you** maintain that any responsive **document** has been destroyed, **identify** the document and state the date of destruction, the reasons, and by whom the document was destroyed.

9.  All responses should be served upon Gregg A. Rubenstein, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

## DOCUMENT REQUESTS

1.  All **documents identified** in **Mr. Barnes'** responses to the Century 21's First Set of Interrogatories to **Mr. Barnes**, which was served contemporaneously with the First Request for Documents.

2.  All tax returns, including schedules, filed or prepared on **your** behalf for 2001, 2002 and 2003, including, but not limited to, Schedule K-1s that **you** received.

3.  All **documents** and **communications concerning** tax returns, including schedules, filed or prepared on **your** behalf for 2001, 2002 and 2003.

4.  All **documents** and **communications concerning** or evidencing **your** ownership, partial or whole, of any business entity conducting real estate brokerage services.

CENTURY 21 REAL ESTATE
CORPORATION

By its attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (hand on 12/7/04
*[signature]*

_____
Gregg A. Rubenstein (BBO #639680)
Arthur L. Pressman (BBO #643094)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: December 7, 2004

BOS1409098.1